José A. Suris-Agrait, Appellant, *v*. Registrar of San Germán, Respondent.

No. 716. Submitted March 21, 1928.—Decided March 26, 1928.

*Nazario & García Méndez* for the appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

Monserrate Ortiz and José A. Suris Agrait appeared before a notary and executed a public deed in which, after Monserrate Ortiz had stated that she was the owner of an

undivided half of each of the three properties described under letters A, B and C and that these three properties are mortgaged to secure certain promissory notes held and acquired by José A. Suris Agrait by endorsement, the parties set forth that they had agreed mutually to liquidate the mortgage on the said properties and in consideration of the cancellation of said mortgage Monserrate Ortiz conveyed to Suris Agrait her undivided half-interest in properties A and B. Suris Agrait stated that he cancels the said mortgage for confusion of rights in those two properties whose condominiums have been conveyed to him by the other party and that he totally cancels the mortgage on the three properties, consenting to a record thereof in the registry of property.

The registrar refused to record that document for the following reasons:

"Record of the foregoing document is denied as to the conveyance in payment of the condominiums in the properties A and B to which it refers and the consequent cancellation of the mortgage on said properties, because it does not appear from the instrument that creditor José A. Suris Agrait has given in a clear and express manner his consent to receive in payment of his credit what has been conveyed to him, and this is an indispensable requisite for the perfection of a contract of *dation en paiement* in conformity with the jurisprudence of the Supreme Court of Porto Rico as laid down in Méndez v. Registrar, 7 P.R.R. 464. Admission to record is also denied as to the cancellation of said mortgage on property B because record is pending of the condominiums conveyed by reason of the incurable defect in the instrument as before stated, as well as the cancellation requested for confusion of rights, a cautionary notice being entered instead, etc."

Suris has taken this administrative appeal from that decision, praying that it be reversed and the record ordered.

It is true that it is an indispensable requisite for the perfection of a contract of *dation en paiement* that the creditor express his consent to receive in payment of his claim what has been conveyed to him, as said by this court in the case cited by the respondent registrar. In that case there

was nothing to show the consent of the creditor because he was not a party to the instrument by virtue of which he was granted a condominium in payment of his claim. But in the present case the consent of the creditor to receive in payment of his credit the condominiums conveyed to him appears clearly and expressly, although he has not used specific words of consent to the conveyance, for not only has the creditor intervened as a party to the instrument, but both parties thereto made it clear that they consented to the conveyance to the creditor of certain condominiums in payment of his credit and to the subsequent cancellation of the mortgage securing it. This agreement was carried out by the debtor's conveying to the creditor in payment of his credit her condominiums in two properties and consequently the creditor stating that he canceled his mortgage on the three properties. From an examination of the terms of the instrument we are of the opinion that the consent of the creditor to receive the aforesaid condominiums in payment of his credit sufficiently appears. Therefore the decision appealed from must be reversed and the record ordered.